UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WESTERN UNION HOLDINGS, INC.,

        Plaintiff,

    -against-

HAIDERI PAAN & CIGARETTES CORP. d/b/a
HAIDRI PAAN & CIGARETTES CORP.,

        Defendant.
------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.



**ORDER**

**18-CV-4281 (NGG) (SJB)**

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★    **MAR 0 5 2020**    ★

**BROOKLYN OFFICE**

    Plaintiff Western Union Holdings, Inc. ("Western Union") commenced the instant action

against Defendant Haideri Paan & Cigarettes Corp., doing business as Haidri Paan & Cigarettes

Corp. ("Haidri Paan"), alleging federal and state trademark infringement claims pursuant to the

Lanham Act, the New York General Business Law, and New York common law. (Compl. (Dkt.

1).) Haidri Pann failed to answer the complaint or appear, and the Clerk of Clerk issued a

certificate of default on November 5, 2018. (Clerk's Entry of Default (Dkt. 13).) Western Union

subsequently filed a motion for default judgment (Mot. for Default J. (Dkt. 14)), which the court

referred to Magistrate Judge Sanket J. Bulsara for a report and recommendation ("R&R"). (June

11, 2019 Order Referring Mot.) Judge Bulsara issued the annexed R&R on January 28, 2020,

recommending the court grant Western Union's motion and permanently enjoin Haidri Paan

from using Western Union trademarks.

    The court assumes familiarity with the facts of the instant action as set forth thoroughly

in Magistrate Judge Bulsara's R&R. (*See* R&R at 2-9.) The R&R notified Haidri Paan of its right

to file written objections under to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure

72(b). (*Id.* at 22.) The statutory period for filing objections has now expired, and no objections to

Judge Bulsara's R&R have been filed.

1

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no party has objected, the district court "need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (citation omitted).

Upon a review of the R&R, and considering no objections have been filed to any of Judge Bulsara's thorough and well-reasoned recommendations, the court finds no clear error in the R&R and hereby AFFIRMS and ADOPTS the R&R in its entirety as the opinion of the court. Accordingly, Western Union's Motion for Default Judgment (Dkt. 14, 18) is GRANTED, and relief is awarded in accordance with the R&R.

SO ORDERED.

Dated: Brooklyn, New York
     March 5, 2020

Nicholas G. Garaufis
United States District Judge

# REPORT AND RECOMMENDATION

**BULSARA, United States Magistrate Judge:**

Plaintiff, Western Union Holdings, Inc. ("Western Union"), filed the present lawsuit against Defendant, Haideri Paan & Cigarettes Corp., doing business as Haidri Paan & Cigarettes Corp. ("Haidri Paan"), alleging trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); trademark infringement and unfair competition under New York common law; trademark dilution in violation of Section 360-1 of the New York General Business Law, N.Y. Gen. Bus. Law § 360-1; unlawful deceptive acts and practices in violation of Section 349 of the New York General Business Law, N.Y. Gen. Bus. Law § 349; and unjust enrichment. (Compl. Dated July 27, 2018, Dkt. No. 1).

On June 6, 2019, after the Clerk's entry of default, Western Union filed a motion for default judgment. The matter was referred to the undersigned by the Honorable Nicholas G. Garaufis on June 11, 2019. For the reasons stated below, it is respectfully recommended that the default judgment be granted on Western Union's federal and state trademark infringement claims and that Haidri Paan be permanently enjoined from using Western Union's trademarks.

## BACKGROUND AND PROCEDURAL HISTORY

Western Union is a Georgia corporation with an address at 12500 E. Belford Ave., Englewood, Colorado 80112. (Compl. ¶ 5).[1] It is a global company that, together with its predecessors and affiliated companies, has been providing communications and financial

---

[1] Unless otherwise noted, the facts are drawn from the Complaint.

services to consumers for more than 150 years. (*Id.* ¶ 7). The company offers money transfer, money order, bill payment, and prepaid services to consumers and businesses through Western Union agent locations worldwide. (*Id.*). Western Union is the owner of the "WESTERN UNION" trademarks, service marks, and trade dress, which include the words "WESTERN UNION" alone and/or in combination with other wording; and/or the "double bar" logo and design; and/or the yellow and black trade dress (collectively, the "Western Union Marks"). (*Id.* ¶ 8). Western Union has used the name and trademark "Western Union" in commerce since as early as 1856. (*Id.* ¶ 11). The Western Union Marks have been used by Western Union and by other affiliated companies in interstate commerce to identify their services and to distinguish them from those sold by others. (Compl. ¶ 10). More than 520,000 Western Union agent locations throughout the world display one or more of the Western Union Marks. (*Id.* ¶ 11). Western Union alleges it has expended considerable time, money, and effort to advertise, promote, and publicize the Western Union Marks to foster the public's identification of them with Western Union. (*Id.* ¶ 12). As a result, among other reasons, Western Union Marks have acquired a strong and widespread reputation for quality and service, and substantial goodwill and publicity value has been created in the Western Union Marks. (*Id.*). Further, Western Union alleges the marks have become well known to the public as an indication of source for a wide variety of payment instruments and services. (Compl. ¶ 13).

Western Union owns several federal trademark registrations over the Western Union name and mark that grant it exclusive use of those marks. (*Id.* ¶¶ 9, 11). In the Complaint, Western Union lists 10 marks that it owns. (*Id.* ¶ 9). The briefing provided by Western Union indicates that the 10 marks are as follows:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| **WESTERN UNION** | 1825436 | Mar. 8, 1994 | Cl. 36: money transfer services, electronic funds, transfer services and bill payment services |
| WESTERN UNION | 1818161 | Jan. 25, 1994 | Cl. 36: money transfer services, electronic funds transfer services and bill payment services |
| \| \| | 2704258 | Apr. 8, 2003 | Cl. 35: direct mail advertising services<br>Cl. 36: Financial services, namely, money transfer services, electronic funds transfer services, bill payment services, check cashing services, money order services, credit card services, automatic teller machine services, debit and stored value card services and direct deposit of funds into customer bank accounts |
| **WESTERN UNION** | 2999905 | Sept. 27, 2005 | Cl. 36: financial services, namely, banking services, money transfer services, electronic funds transfer services, bill payment services, money order services, prepaid card services in the nature of adding airtime to prepaid or pay-as-you-go wireless services and recharging minutes to pre-paid long distance calling cards, automatic teller machine services, stored value card services and direct deposit of funds into customer bank accounts; automated clearing house deposit services |

3

| Mark | Registration No. | Date | Goods/Services |
|---|---|---|---|
| WU | 3284554 | Aug. 28, 2007 | Cl. 36: financial services, namely, banking services, money transfer services, electronic funds transfer services, bill payment services, money order services, automatic teller machine services, debit and stored value card services and direct deposit of funds into customer bank accounts; automated clearing house deposit services |
| WESTERN UNION | 2922799 | Feb. 1, 2005 | Cl. 36: Financial services, namely, money transfer services; electronic funds transfer services; electronic bill payment services; money order services; automatic teller machine services; stored value card services; direct deposit of funds into customer bank accounts |
| WESTERN UNION (logo) | 2923016 | Feb. 1, 2005 | Cl. 36: Financial services, namely, banking services; money transfer services; electronic funds transfer services; bill payment services; money order services; automatic teller machine services; stored value card services; direct deposit of funds into customer bank accounts; automated clearing house deposit services |
| WU | 4416079 | Oct. 8, 2013 | Cl. 9: Electronic and magnetic ID cards for use in connection with payment for services; magnetic encoded cards for debit, credit and stored value transactions; Computer software, namely, electronic financial platform that accommodates multiple types of payment and debit transactions in an integrated mobile phone, PDA, and web based environment |
| WESTERN UNION WU (logo) | 4530759 | May 13, 2014 | Cl. 9: Electronic and magnetic ID cards for use in connection with payment for services; magnetic encoded cards for debit, credit and stored value transactions; Computer software, namely, electronic financial platform that accommodates multiple types of payment and debit transactions in an integrated mobile phone, PDA, and web based environment |

| | | | Cl. 36: Financial services, namely, banking services, money transfer services, electronic funds transfer services, bill payment services, money order services, credit card services, prepaid card services, automatic teller machine services, debit and stored value card services, direct deposit of funds into customer bank accounts, automated clearing house deposit services, and currency exchange services |
|---|---|---|---|
| WESTERN UNION WU | 4436020 | Nov. 19, 2013 | |

(Compl. ¶ 9).

Defendant Haidri Paan allegedly used Western Union Marks on its storefront at 7208 Broadway, Jackson Heights, NY 11372. (*Id.* ¶ 14). Western Union submitted a picture of Haidri Paan from on or about December 2017 with Western Union Marks displayed on the right side of the store banner and in the store window. (*Id.*). Haidri Paan has never been a Western Union agent and has never applied to become a Western Union agent. (*Id.* ¶ 15). Haidri Paan, therefore, does not have Western Union's authorization to use Western Union Marks. (*Id.*). The company does not offer any Western Union goods or services. (*Id.*). Instead, Haidri Paan uses a different company, Phrabu, for customer financial services such as banking services, electronic funds transfer services, money transfer services, bill payment services, and electronic payments. (Compl. ¶ 16).

On several occasions, a Western Union account executive visited and informed Haidri Paan that its use of Western Union Marks was unauthorized. (*Id.* ¶ 17). The executive demanded that Haidri Paan immediately cease use of the Western Union Marks. (*Id.*). On February 16, 2018, Western Union's counsel sent a demand letter to Haidri Paan regarding its violation of state and federal laws through its unauthorized use of Western Union Marks. (*Id.*

¶ 18). No response was received; the Western Union Marks continued to be displayed on Haidri Paan's storefront. (*Id.*).

On March 27, 2018, Western Union's counsel sent another letter to Haidri Paan. (Compl. ¶ 19). Haidri Paan, thereafter, made an attempt to cover the Western Union Marks on its storefront with pieces of paper. (*Id.*). A photo of Haidri Paan's storefront taken on or about April 2018 showed that the large Western Union mark on Haidri Paan's store banner had been partially covered up by an "ATM" sign, but the outer edges of the mark were still clearly visible. (*Id.*). Similarly, the Western Union Marks displayed in Haidri Paan's window had also been covered up by pieces of paper, but the outer edges were still visible. (*Id.*).

On May 2, 2018, having received no formal response, a third letter was sent to Haidri Paan. (Compl. ¶ 20). The letter stated that neither the ATM sign nor the blank white and brown papers used to cover up the Western Union signs were sufficient to cover the Western Union Marks and avoid infringement. (*Id.*). Western Union stated that portions of the Western Union Marks and their trademarked colors continued to be visible and identifiable as Western Union Marks and there was no indication that the sign or pieces of paper remain affixed. (*Id.*). The letter asked Haidri Paan to replace or alter the storefront so that the Western Union Marks would no longer be visible and to provide a date on which Haidri Paan would do so. (*Id.*). Almost two months later, however, the storefront still had the Western Union Marks partially visible under an ATM sign and other pieces of paper. (*Id.* ¶ 21).

Western Union commenced this case on July 27, 2018. (*See* Compl.). Western Union listed eight causes of action in its Complaint: (i) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; and (ii) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) trademark dilution in violation of

Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iv) trademark infringement under New

York common law; (v) trademark dilution under Section 360-1 of New York General Business

Law, N.Y. Gen. Bus. Law § 360-1; (vi) unfair competition under New York common law; (vii)

unlawful deceptive acts and practices under Section 349 of New York General Business Law,

N.Y. Gen. Bus. Law § 349; and (viii) unjust enrichment. (Compl. at 10–17). The Complaint and

summons were served on Haidri Paan on September 12, 2018 through the New York Secretary

of State. (Summons Returned Executed dated Sept. 12, 2018, Dkt. No. 7 at 1). Haidri Paan

failed to answer the Complaint or appear. As a result, the Clerk of Court issued a certificate of

default on November 5, 2018. (Clerk's Entry of Default dated Nov. 5, 2018, Dkt. No. 13).

Western Union filed a motion for default judgment requesting an entry of liability against Haidri

Paan on only its trademark infringement, false designation of origin, dilution, and ancillary New

York state law claims, and asked the Court to permanently enjoin Haidri Paan from using

Western Union Marks or any similar marks (*See* Mot. for Default J. dated June 7, 2019, Dkt. No.

14 at 1; Pl.'s Mem. of Law in Supp. of Mot. for Default J. dated June 7, 2019, Dkt. No. 15 at 1;

Status Report dated Jan. 10, 2020 ("Jan. 2020 Status Rep."), Dkt. No. 21 at 1).[2]

---

[2] Although Western Union's Complaint demands a variety of damages, including profits realized, actual damages, statutory damages, attorney's fees, and costs, its motion seeks only an entry of default judgment and permanent injunction. Western Union has not requested, and is not seeking, an award of damages, costs, or attorney's fees. (Jan. 2020 Status Rep. at 1).

Additionally, Western Union's January 2020 status report clarified that it is only seeking a limited default judgment on its "trademark infringement, false designation of origin, dilution, and ancillary New York State law claims." (*Id.* at 2). The status report indicates that Western Union has abandoned its unfair competition, unlawful deceptive acts and practices under New York General Business law, and unjust enrichment claims. Western Union did not address its dilution claim in its motion for default judgment. Western Union also only addresses the two-prong trademark infringement test in its memorandum of law and does not brief any other claims. (*See* Pl.'s Mem. of Law in Supp. of Mot. for Default J. dated June 7, 2019, Dkt. No. 15). The Court, therefore, finds that Western Union has abandoned its dilution claims and will only address the federal and state trademark infringement claims that Western Union has briefed. *See*

The matter was referred to the undersigned on June 11, 2019. (Order Referring Mot. dated June 11, 2019). On August 26, 2019, the Court directed Western Union to supplement its motion for default judgment because its motion failed to meet the requirements under Local Civil Rule 55.2. (Order dated Aug. 26, 2019, Dkt. No. 16 at 2). Western Union then refiled its memorandum in support and motion for default judgment in accordance with the Court's orders on August 30, 2019. (Notice of Withdrawal of Mot. dated Aug. 30, 2019, Dkt. No. 17; Mot. for Default J. dated Aug. 30, 2019, Dkt. No. 18; Pl.'s Mem. of Law in Supp. of Mot. for Default J. dated Aug. 30, 2019 ("Pl.'s Mem."), Dkt. No. 19). The motion for default judgment and permanent injunction, memorandum of law, summons and Complaint, Clerk's certificate of default, and proposed default judgment and permanent injunction were served by first class mail upon Haidri Paan on August 30, 2019, at Haidri Paan's last known business address. (Certificate of Serv. dated Aug. 30, 2019 ("Mot. Certificate of Serv."), attached as Ex. 4 to Pl.'s Mem., Dkt. No. 19).

On December 2, 2019, the Court issued an Order directing Western Union to provide updated photos in support of its motion for default judgment and permanent injunction. (Order dated Dec. 2, 2019 ("The only photos provided to the Court are from when Plaintiff first filed the Complaint in July 2018. [Plaintiff] is directed to notify the Court . . . as to whether the infringing

---

*Joe Hand Promotions, Inc. v. Bernal*, No. 18-CV-85, 2019 WL 885930, at *3 (E.D.N.Y. Feb. 22, 2019) (finding that although Plaintiff prayed for injunctive relief in its complaint, it did not request such relief in its motion for default judgment, and therefore the claim was deemed abandoned); *see also Trs. of Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, No. 07-CV-5150, 2009 WL 3188303, at *3 n.1, *4 & n.3 (E.D.N.Y. Oct. 1, 2009) (adopting report and recommendation) (holding that claims alleged in the complaint, but not asserted in motion for default judgment, were abandoned); *J & J Sports Prods., Inc. v. Doe*, No. 06-CV-1695, 2008 WL 2965250, at *3 n.3 (S.D.N.Y. Aug. 1, 2008) (adopting report and recommendation) (finding that because the claim was not addressed in any of plaintiff's papers submitted in support of its motion for default, the claim was abandoned).

marks remain at the subject location, and provide an updated photograph if possible.")). Western

Union provided a status report on December 16, 2019 (the "December 2019 Status Report"),

stating that Haidri Paan has renovated and reopened its store at 72-08 Broadway, Jackson

Heights, New York. (Status Report dated Dec. 16, 2019 ("Dec. 2019 Status Rep."), Dkt. No. 20

at 1). Haidri Paan now focuses its business on, among other things, catering and being a smoke

shop. (*Id.*). Western Union submitted photos of Haidri Paan's new storefront which has no

visible marks bearing the Western Union trademarks. (*Id.* at 3–4). According to Western Union,

Haidri Paan still offers money transfer services and provided a photo of an advertisement on

Haidri Paan's storefront which states, "Money Transfer Available Here." (*Id.* at 1, 4). Western

Union, therefore, believes that there is a reasonable expectation that Haidri Paan will again

infringe on Western Union's trademark rights in the absence of an injunction, and respectfully

requests that the default judgment and permanent injunction be entered against Haidri Paan to

deter any future use of the Western Union trademarks. (*Id.* at 2). The December 2019 Status

Report was served on Haidri Paan via first class mail to its last known business address.

(Certificate of Serv. dated Dec. 16, 2019, attached to Dec. 2019 Status Rep., Dkt. No. 20).

DISCUSSION

I.    Entry of Default

    Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for

obtaining a default judgment. *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013

WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). First,

"[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered, and a defendant

9

fails to appear or move to set aside the default under Rule 55(c), the Court may, on Plaintiff's motion, enter a default judgment against that defendant. Fed. R. Civ. P. 55(b)(2). Here, the Clerk entered a default against Haidri Paan on November 5, 2018, (Dkt. No. 13), and defendant has failed to appear or move to set aside the default.

A threshold question before reaching liability or damages is whether Haidri Pann's conduct is sufficient to warrant default judgment being entered. In determining whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001). These factors are "1) whether the defendant's default was willful; 2) whether the defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted).

As to the first factor, Haidri Paan's repeated failure to respond to the Complaint demonstrates that its default was willful. *See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at * 1 (S.D.N.Y. Dec. 20, 2007) (finding that Defendants' failure to respond to the Complaint and motion indicates willful conduct). Haidri Paan had sufficient notice of the ongoing present litigation. After filing the Complaint, on August 7, 2018, Western Union left a copy of a summons and the Complaint with the Office of the Secretary of State of the State of New York and properly effectuated service. (Summons Returned Executed dated Sept. 12, 2018, Dkt. No. 7). The motion for default judgment and permanent injunction was served on Haidri Paan by mailing copies to its last known business address via first class mail on August 30, 2019. (Mot. Certificate of Serv.). Despite repeated

notice and service, Haidri Paan did not respond to the Complaint or default judgment papers, did not appear, and has not in any way attempted to defend itself.

As to the second factor, the Court cannot conclude there is any meritorious defense to Western Union's allegations because Haidri Paan has not appeared and no defense has been presented to the Court. *See, e.g., IndyMac Bank*, 2007 WL 4468652, at *1 (finding no meritorious defense where defendants have not presented such a defense to the Court); *see also United States v. Hemberger*, No. 11-CV-2241, 2012 WL 1657192, at *2 (E.D.N.Y. May 7, 2012).

As to the third factor, the non-defaulting party, Western Union, would be prejudiced if the motion for default were denied in this case "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008), *report and recommendation adopted*, Dkt. No. 18 (Jan. 26, 2009).

As a result, all three factors permit entry of a default judgment. The Court now turns to the liability imposed and injunction to be awarded in such a judgment.

II.    Liability

When a defendant defaults, a court, on consideration of a plaintiff's default judgment motion "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). In addition, a party's default is deemed as an admission of all of well-pleaded allegations of liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992); *Morales v. B&M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2

(E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482 (Mar. 29, 2016).

"Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (citations and quotations omitted); *see also* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2688.1 (3d ed. 2017) ("Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.").

A.     Trademark Infringement Claims

Western Union alleges that Haidri Paan violated federal and state trademark infringement law. (Compl. at 10–13). The elements for Western Union's federal trademark claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (Counts I and II), mirror each other and the elements for the tort of trademark infringement under New York common law. *Nike, Inc. v. Top Brand Co.*, No. 00-CV-8179, 2005 WL 1654859, at *7 (S.D.N.Y. July 13, 2005) ("Plaintiffs' claim of common law trademark infringement requires them to meet the same elements as their Lanham Act claims."). As a result, these claims are often grouped and analyzed together, "under an umbrella claim of trademark infringement." *JAB Distributors, LLC v. Home Linen Collections*, No. 14-CV-6859, 2016 WL 11445697, at *4 (E.D.N.Y. Mar. 8, 2016) (quotations omitted), *report and recommendation adopted in part and rejected in part on other grounds*, 2016 WL 1255729 (Mar. 30, 2016); *see also Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003) ("A claim of trademark infringement, whether brought under 15 U.S.C. § 1114(1) (for

infringement of a registered mark) or 15 U.S.C. § 1125(a) (for infringement of rights in a mark acquired by use), is analyzed under the familiar two-prong test described in *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072 (1993).").

This "familiar" test of *Gruner + Jahr* requires a plaintiff to to demonstrate that "it has a valid mark entitled to protection and that defendant's use of it is likely to cause confusion." 991 F.2d at 1075; *Time, Inc. v. Petersen Publ'g Co. L.L.C.*, 173 F.3d 113, 117 (2d Cir. 1999) ("To prevail on a trademark infringement claim under either of these provisions [of the Lanham Act], a plaintiff must demonstrate that 'it has a valid mark entitled to protection and that the defendant's use of it is likely to cause confusion.'" *(quoting Arrow Fastener Co. v. Stanley Works,* 59 F.3d 384, 390 (2d Cir. 1995)) (citing *Gruner + Jahr*, 991 F.2d at 1075).

Here, Western Union has established that it has valid marks entitled to trademark protection. Western Union has provided the federal trademark registration numbers for its marks, (Compl. ¶ 9), and these registrations serve as prima facie evidence of the validity of the Western Union Marks, as well as Western Union's exclusive right to use the registered marks in commerce and in connection with goods or services specified in those registrations. *See* 15 U.S.C. § 1057(b) ("A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce [.]"); *see also Fed. Exp. Corp. v. JetEx Mgmt. Servs. Inc.*, No. 13-CV-4431, 2014 WL 4628910, at *2 (E.D.N.Y. May 8, 2014) ("FedEx provides several registration numbers to establish the registration of its logo and slogan with the United States Patent and Trademark Office. The registration of FedEx's marks satisfies the first prong

of the standard for trademark infringement." (citation omitted)), *report and recommendation adopted*, 2014 WL 4628983 (Sept. 15, 2014).

As to the second element, in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), the Second Circuit set out a non-exclusive, multi-factor test to determine whether there is "likelihood of confusion" that considers, among other things: "(1) the strength of the mark, (2) the similarity of the two marks, (3) the proximity of the products, (4) actual confusion, (5) the likelihood of plaintiff's bridging the gap, (6) defendant's good faith in adopting its mark, (7) the quality of defendant's products, and (8) the sophistication of the consumers." *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 116 (2d Cir. 2006). Western Union has sufficiently alleged, and therefore for purposes of default demonstrated, a likelihood of confusion between its marks and Haidri Paan's use of the Western Union Marks.

Indeed, in this case, Haidri Paan is not using a substantially similar mark or a mark derived from the protected trademarks. It has copied Western Union's Marks without permission. (Compl. ¶¶ 14–15, 30). And the purpose of such copying was to suggest that it offered Western Union financial services, when in fact, it was not authorized to do so. (Compl. ¶¶ 15–16, 32). Such "[i]ntentional copying gives rise to a presumption of a likelihood of confusion." *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 258 (2d Cir. 1987); *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 618 F.2d 950, 954 (2d Cir. 1980) ("If there was intentional copying the second comer will be presumed to have intended to create a confusing similarity of appearance and will be presumed to have succeeded.").

Because of the presumption of confusion created by the intentional copying of Western Union's Marks, which is unrebutted in light of Haidri Paan's default, the Court has no trouble

concluding that the eight *Polaroid* factors are easily satisfied. *Artemide SpA v. Grandlite Design & Mfg. Co.*, 672 F. Supp. 698, 711 (S.D.N.Y. 1987) ("[M]ost compelling on the issue of likelihood of confusion is the evidence that the Tizio design was intentionally copied."); *Schweitzz Dist. Co. v. P & K Trading Inc.*, No. 93-CV-4785, 1998 WL 472505, at *3 (E.D.N.Y. July 16, 1998) ("Where, as here, there is substantial evidence that the defendant intentionally copied the plaintiff's mark, it gives rise to a powerful inference that confusion is likely, and puts on the alleged infringer the burden of going forward with proof that it is not." (quotations and alteration omitted)). The copying and default by Haidri Paan allows the Court to conclude that Western Union's Marks are similar (indeed identical), confusion exists, and because the copying continued after receiving multiple cease and desist letters, there was no good faith basis for the use. Such facts have been found sufficient to find actual confusion.[3] *See, e.g., Simon & Schuster, Inc. v. Dove Audio, Inc.*, 970 F. Supp. 279, 300 (S.D.N.Y. 1997). ("[A] number of other factors—including the strength of plaintiffs' title in its commercial context, the degree of similarity of the parties' titles, the extremely close competitive proximity of the products, and the evidence of Dove's intentional copying of plaintiffs' mark in bad faith—demonstrate that numerous ordinarily prudent purchasers are likely to be misled or confused as to the source of Dove's books.").

Accordingly, Haidri Paan is liable for trademark infringement under 15 U.S.C. § 1114 and § 1125(a) and for the tort of infringement under New York common law. *See, e.g., CommScope, Inc. of N.C. v. Commscope (U.S.A.) Intern. Grp. Co.*, 809 F. Supp. 2d 33, 37–38 (N.D.N.Y. 2011) (finding that plaintiff established a "likelihood of confusion" between the

---

[3] The remaining factors are either neutral, because of the lack of evidence in the record, or favor Western Union because of the default.

parties' business names, and as a result was liable under 15 U.S.C. § 1114, 1125(a), and trademark infringement under New York common law).

III.    Injunctive Relief

Western Union also requests that the Court enter a permanent injunction, enjoining Haidri Paan from infringing or otherwise using the Western Union Marks. (Pl.'s Mem. at 7; Compl. ¶ 1). "A district court has authority under the Lanham Act and the Copyright Act to grant injunctive relief to prevent further violations of a plaintiff's trademarks and copyrights," and "[a] court may grant a permanent injunction on a motion for default judgment." *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015). "[C]ourts have approved injunctions restraining violations of the Lanham Act, even when there was no showing that future violations were imminent." *Balady, Inc. v. Elhindi*, No. 14-CV-855, 2014 WL 7342867, at *10 (E.D.N.Y. Dec. 23, 2014) (adopting report and recommendation) (quotations omitted).

A "plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The Court finds that all four factors have been met. "Irreparable injury in trademark cases is established where 'there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source' of the goods or services in question." *Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d

274, 295 (E.D.N.Y. 2009) (quoting *Lobo Enters., Inc. v. Tunnel, Inc.,* 822 F.2d 331, 333 (2d Cir. 1987)). The Complaint alleges that the infringement is likely to deceive customers into believing they are using Western Union services at Haidri Paan. (Compl. ¶ 24 ("Defendant's use of the WESTERN UNION Marks constitutes trademark and trade dress infringement . . . in that such use has caused, or is likely to cause, confusion, deception, or mistake among the consuming public and trade as to the source of Defendant's Services."), ¶ 32 ("Defendant's acts were committed with the intent to palm off and pass off Defendant's services as the services of Western Union, and with the intent to deceive and defraud the public.")). Haidri Paan defaulted, and as a result, these allegations are sufficient to establish Western Union's irreparable harm.

The second factor, remedies available at law, also favors Western Union. "[W]here there are no assurances in the record against Defendant's continued infringement, monetary damages are unlikely to present an adequate remedy." *Sola Franchise Corp. v. Solo Salon Studios Inc.,* No. 14-CV-946, 2015 WL 1299259, at \*17 (E.D.N.Y. Mar. 23, 2015); *see also Hilton v. Int'l Perfume Palace, Inc.,* No. 12-CV-5074, 2013 WL 5676582, at \*13 (E.D.N.Y. Oct. 17, 2013) ("Absent a Court directive to cease the infringing activities, plaintiffs would be forced to remedy each new infringement through a separate, fullblown lawsuit for monetary damages, . . . [and] defendant may well presume that plaintiffs cannot afford to effectively police the distribution of the infringing product. This would encourage continued infringement."); *Rovio Entm't,* 97 F. Supp. 3d at 547 ("Toy Amazon's past behavior suggests that Toy Amazon might continue to engage in infringing activities and counterfeiting unless enjoined by the Court, demonstrating the danger that monetary damages will fail to fully provide Rovio with relief."). And a defendant's default creates an inference that a defendant is "willing to, or may continue its infringement."

*Sexy Hair Concepts LLC v. Sexy Hair Inc.*, No.12-CV-3937, 2013 WL 5460629, at *4 (E.D.N.Y. Sept. 30, 2013) (adopting report and recommendation) (quotations omitted).

Although the record reflects that Haidri Paan has removed the infringing marks from its storefront, (*see* Dec. Status Rep.), Haidri Paan's failure to respond or otherwise defend this action creates an inference of possible future infringement. *See id.*; *see also Balady*, 2014 WL 7342867, at *11–12 (finding that although defendant no longer owned infringing mark, previous infringing conduct and default favored a grant of injunctive relief). Haidri Paan never responded to the three cease and desist letters Western Union sent it, continued to use the Western Union Marks for many months despite the numerous cease and desist letters, continues to offer money transfer services, and has never presented any evidence to the Court that it will not use the Western Union trademarks in the future. *See id.* at *12 ("Defendants' past actions and their default . . . leads to the conclusion that there is no adequate remedy at law."); *Sexy Hair Concepts LLC*, 2013 WL 5460629, at *4 ("Defendants are likely to continue to infringe plaintiff's mark in the absence of an injunction given their failure to respond to the cease and desist letter in 2011, the complaint or otherwise participate in this action, even after entry of default.").

The Court also finds that the balance of hardships also weigh in favor of an injunction. *AW Indus., Inc. v. Sleepingwell Mattress Inc.*, No. 10-CV-04439, 2011 WL 4404029, at *11 (E.D.N.Y. Aug. 31, 2011) ("The balance of hardships clearly tips in plaintiff's favor here, where it has established irreparable harm and that the infringing conduct is likely to continue absent injunctive relief. Defendant has persisted in its unauthorized use of plaintiff's trademark, and benefitted by that unlawful use. Meanwhile, plaintiff has already incurred substantial legal costs in protecting its trademark rights, and as such the balance of hardships tips unquestionably in

plaintiff's favor."), *report and recommendation adopted*, 2011 WL 4406329 (Sept. 21, 2011).

Haidri Paan has benefited from the use of Western Union's marks, while Western Union has incurred legal costs in protecting and defending its trademark rights. And because Haidri Paan has already removed the mark from its storefront, a permanent injunction adds little to no additional burden on the defendant. *See, e.g., Balady*, 2014 WL 7342867, at *13 (finding that defendant's disassociation with the mark suggests that she will not be unduly burdened by the issuance of an injunction). Accordingly, the balance of hardships factor also favors Western Union.

Finally, the public interest favors an injunction. Haidri Paan has engaged in trademark infringement through copying, which has created marketplace confusion about whether it provides Western Union services. "[T]he public has an interest in not being deceived or confused when engaging in consumer transactions within the marketplace." *Eu Yan Sang Int'l Ltd. v. S & M Enters. (U.S.A.) Enters. Corp.*, No. 09-CV-4235, 2010 WL 3824129, at *5 (E.D.N.Y. Sept. 8, 2010), *report and recommendation adopted*, 2010 WL 3806136 (Sept. 23, 2010).

Injunctive relief should be "no broader than necessary to cure the effects of the harm caused by the violation," *Forschner Grp., Inc. v. Arrow Trading Co.*, 124 F.3d 402, 406 (2d Cir. 1997), and "should not impose unnecessary burdens on lawful activity," *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 220 (2d Cir. 2003), *abrogated in part on different grounds by 4 Pillar Dynasty LLC v. N.Y. & Co., Inc.*, 933 F.3d 202 (2d Cir. 2019). *See also Waldman Publ'g Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994) ("Injunctive relief should be narrowly tailored to fit specific legal violations. Accordingly, an injunction should not impose unnecessary burdens on lawful activity." (citations omitted)). "In fashioning the injunction, the

Court should balance . . . the equities to reach an appropriate result protective of the interests of both parties." *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733, 747 (2d Cir. 1994) (quotations and alteration omitted).

The Court therefore recommends that Haidri Paan be permanently enjoined from use of or infringement upon any of the 10 protected marks held by Western Union, (*see* Compl. at 3–5). Haidri Paan may not use a sign or banner with the Western Union Marks or otherwise infringe on these marks. It also may not sell or market any product or service that infringes on any of these marks.

Such an injunction is sufficiently narrow in its scope. A trademark plaintiff is "entitled to relief, is entitled to effective relief; and any doubt in respect of the extent thereof must be resolved in its favor as the innocent producer and against the [defendant], which has shown by its conduct that it is not to be trusted." *William R. Warner & Co. v. Eli Lilly & Co.*, 265 U.S. 526, 532 (1924). The proposed injunction does not prohibit Haidri Paan from carrying out lawful activity, such as generally conducting its convenience store business, but it must do so without violating Western Union's trademarks. *See 7-Eleven, Inc. v. Z-Eleven Convenience Store Inc.*, No. 16-CV-4116, 2018 WL 1521859, at *10 (E.D.N.Y. Jan. 17, 2018) (noting that the proposed injunction is sufficiently narrow because it does not prohibit the convenience store from generally conducting its business), *report and recommendation adopted*, 2018 WL 1466799 (Mar. 26, 2018); *ADT, LLC v. Capital Connect, Inc.*, 145 F. Supp. 3d 671, 700 (N.D. Tex. 2015) ("[N]arrow scope of the injunction that solely prevents Capital Connect from continuing to violate the Lanham Act and continuing to compete unfairly reduces the impact of any lawful interests Capital Connect may have through the issuance of this injunction." (citations and quotations omitted)).

CONCLUSION

For the reasons stated above, the Court respectfully recommends that:

1.      Liability as to the Federal and State Trademark Infringement Claims be entered against Haidri Paan.

2.      A permanent injunction be entered against Haidri Paan, as follows:

- Haidri Paan is permanently enjoined from use of or infringement upon any of the 10 protected marks held by Western Union;[4]

- Haidri Paan may not use a sign or banner with the Western Union Marks or otherwise infringes on the marks held by Western Union;

- Western Union may also not sell or market any product or service that infringes on any of Western Union's 10 marks.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within fourteen days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

Western Union shall serve a copy of this Report and Recommendation on Haidri Paan and file proof of such service in the record.

---

[4] The "10 protected marks" are the marks listed in the Complaint. The registration numbers associated with these marks are: 1825436, 1818161, 2704258, 2999905, 3284554, 2922799, 2923016, 4416079, 4530759, and 4436020. (Compl. ¶ 9).

/s/ *Sanket J. Bulsara* Jan. 28, 2020

SANKET J. BULSARA

United States Magistrate Judge

Brooklyn, New York